IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION

**LYDIA ROBERTA BLACKMON and**
**AISHA A. SANDERS**                                                           **PLAINTIFFS**

V.                                                                  CIVIL ACTION NO: 5:21-cv-62-KS-JCG

**ADAMS COUNTY, MS.**
**JAMES "RICKY" GRAY, Individually, and**
**InHisOfficial Capacity as a Member and President of**
**Adams County, Mississippi Board of Supervisors;**
**Angela G. Hutchins, Wes Middleton, Kevin Wilson,**
**Warren Gaines, and John Does**                                **DEFENDANTS**

**COMPLAINT**
**(Jury Trial Demanded)**

**NATURE OF THE ACTION**

This is an enforcement action under Title I of the Civil Rights Act of 1991, 42 U.S.C. §§ 1981, 1983, 1985,the Fair Labor Standards Act of 1938, as amended, by the Equal Pay Act of 1963, 29 U. S. C. 206(d), the First and Fourteenth Amendment to the United States Constitution to correct unlawful employment practices on the basis of race (Black) and gender (Female) to provide appropriate relief to Lydia Roberta Blackmon (Blackmon) and Aisha A. Sanders( Sanders) who were adversely affected by such practices.   As alleged with greater particularity in paragraphs 1 through 28 below, Plaintiffs allege that Defendants, acting jointly and severally, violated the aforementioned and other applicable statutes by subjecting themto both race and sex discrimination when it: (1) failed to provide them with equal employment opportunity and compensation and (2) took materially adverse actions against Blackmon and Sanders in response to their engaging in activity protected by the First and Fourteenth Amendments and other applicable statutes based on their race and sex.

## JURISDICTION AND VENUE

1.

This is, in part, an action authorized and instituted pursuant to: 42 U.S.C. Section(s) 2000e et seq.; the Civil Rights Act of 1866, as amended by the Civil Rights Restoration Act of 1991, 42 U.S.C. Section 1981; 42 U.S.C. Section 1981A; 42 U.S.C. Section 1988; Section 16(b) of the Fair Labor Standards Act of 1938 (FSLA"), 29 USC Section 201, et seq and the laws of the State of Mississippi.

2.

The jurisdiction of this Court is predicated upon 28 U.S.C. Section 1331 and 1343 and to redress the unlawful deprivation of Plaintiff's rights secured, guaranteed and protected by federal law. This Court may also exercise pendant jurisdiction over Plaintiffs state law claims arising under the common law and statues of the State of Mississippi, and which arise from a common nucleus of operative fact pursuant to 28 U.S.C. Section 1367.

3.

Venue is proper in the United States District Court for Southern District of Mississippi pursuant to 28 U.S.C. Section 1391 (b), wherein Plaintiff resides, Defendants reside and regularly conduct business and where all the wrongful conduct occurred.

## PARTIES

4.

Plaintiff Lydia Roberta Blackmon, an African-American, is an adult female and a citizen of the United States who resides within the jurisdiction of this Court in the Southern District of Mississippi at all relevant times, and was an employee of the within the meaning of 42 U.S.C.

Sections 2000e, et seq., 42 U.S.C 1981and 2, Section 16(b) of the Fair Labor Standards Act of 1938 (FSLA"), 29 USC Section 201, et seq. and other applicable statutes and case laws.

5.

Plaintiff Aisha Sanders, an African-American, is an adult female and a citizen of the United States who resides within the jurisdiction of this Court in the Southern District of Mississippi at all relevant times, and was an employee of the within the meaning of 42 U.S.C. Sections 2000e, et seq., 42 U.S.C 1981and 2, Section 16(b) of the Fair Labor Standards Act of 1938 (FSLA"), 29 USC Section 201, et seq and other applicable statutes and case law.

6.

Defendant Adams County, Mississippi is a political subdivision of the State of Mississippi and was organized pursuant to the laws of the state of Mississippi and can be served with the process of this court through service onBrandi B. Lewis, the Chancery Clerk of Adams County, Mississippi at 115 South Wall Street, Natchez, Mississippi 39120.

7.

Defendant, James "Ricky" Gray, an adult black male and President of the Adams County, Mississippi Board of Supervisors, participated in the unlawful refusal to equally compensate and to deny Plaintiffsequal employment opportunity as well as engaged in other unlawful conduct towards Plaintiffs under color of law as well as individually, and therefore is sued individually and in his official capacity as an Adams County Supervisor andcan be served with the process of this court at 314 State Street, Natchez, Mississippi 39120

8.

Defendant, James "Ricky" Gray, an adult black male and President and a duly elected member of the Adams County, Mississippi Board of Supervisors, participated in the unlawful

refusal to equally compensate and to deny Plaintiffs equal employment opportunity as well as engaged in other unlawful conduct towards Plaintiffs under color of law as well as individually, and therefore is sued individually and in his official capacity as an Adams County Supervisor andcan be served with the process of this court at 314 State Street, Natchez, Mississippi 39120.

9.

Defendant Angela Gibson Hutchins, an adult black female and a duly elected member of the Adams County, Mississippi Board of Supervisors, participated in the unlawful refusal to equally compensate and to deny Plaintiffs equal employment opportunity as well as engaged in other unlawful conduct towards Plaintiffs under color of law as well as individually, and therefore is sued individually and in his official capacity as an Adams County Supervisor andcan be served with the process of this court at 314 State Street, Natchez, Mississippi 39120.

10.

Defendant John Middleton, III., an adult white male and duly elected member of the Adams County, Mississippi Board of Supervisors, participated in the unlawful refusal to equally compensate and to deny Plaintiffs equal employment opportunity as well as engaged in other unlawful conduct towards Plaintiffs under color of law as well as individually, and therefore is sued individually and in his official capacity as an Adams County Supervisor andcan be served with the process of this court at 314 State Street, Natchez, Mississippi 39120.

11.

Defendant Kevin L. Wilson, an adult white male and duly elected member of the Adams County, Mississippi Board of Supervisors, participated in the unlawful refusal to equally compensate and to deny Plaintiffs equal employment opportunity as well as engaged in other unlawful conduct towards Plaintiffs under color of law as well as individually, and therefore is

sued individually and in his official capacity as an Adams County Supervisor and can be served with the process of this court at 314 State Street, Natchez, Mississippi 39120.

12.

Defendant Warren Gaines, Sr., an adult black male and a duly elected member of the Adams County, Mississippi Board of Supervisors, participated in the unlawful refusal to equally compensate and to deny Plaintiffs equal employment opportunity as well as engaged in other unlawful conduct towards Plaintiffs under color of law as well as individually, and therefore is sued individually and in his official capacity as an Adams County Supervisor and can be served with the process of this court at 314 State Street, Natchez, Mississippi 39120.

## STATEMENT OF FACTS

13.

Adams County, Mississippi (Adams County) has historically provided indigent defendants with representation through case assignments to individual attorneys on the approved list of court appointed attorneys, who represented individuals in the Justice and Circuit Courts of Adams County, Mississippi as well as the municipal court of Natchez, Mississippi.

14.

It has been a custom and practice which began with Judge Forrest Johnson and Judge Lillie Blackmon Sanders that each attorney on the court appointed list would be paid $2,000 per month based on the budget approved by the Supervisors each year and pursuant to a pay orders issued by the Judges exceptJudge Johnson signed off on the pay orders for Blackmon and Sanders because they are related to Judge Sanders, being her sister and daughter respectively.

15.

Blackmon and Sanders have each served on the court appointed attorneys' list for more

than (3) years and have been compensated at $2,000 per month the same pay as the other attorneys on the list.

## CAUSES OF ACTION

## COUNT I-RACE DISCRIMINATION

16.

Plaintiffs re-allege and incorporate all of the allegations contained in paragraphs 1-15

17.

Defendants actions in unlawfully denying Plaintiffs equal compensation and equal employment opportunities on the basis of race constitute intentional discrimination in violation of 42 U.S.C Section 1981 and other applicable laws and statutes.

18.

Defendants engaged in the actions complained of while acting under color of law as well individually.

## COUNT II-SEX DISCRIMINATION

19.

Plaintiffs re-allege and incorporate all of the allegations contained in paragraphs 1-18.

20.

Defendants' actions in unlawfully denying Plaintiffs equal compensation and equal employment opportunities on the basis of sex constitute intentional discrimination in violation of the Fair Labor Standards Act of 1938, as amended 29 U.S.C. § 206(d) and other applicable laws and statutes.

21.

Defendants engaged in the actions complained of while acting under color of law as well as

individually.

## COUNT II-CONSPIRACY

22.

Plaintiffs re-allege and incorporate all of the allegations contained in paragraphs 1-21.

23.

Defendants conspired to unlawfully withhold money and to pay Plaintiffs less and to replace Blackmon with a white attorney and in the process to discredit Plaintiff through spreading libelous and slanderous statements about Plaintiff.

## RETALIATION

24.

Plaintiffs re-allege and incorporate the facts contained in paragraphs1-23.

25.

Defendants retaliated against Plaintiffs for exercise of their constitutional rights.

## COUNT III-BREACH OF CONTRACT

26.

Plaintiffs re-allege and incorporate all of the allegation contained in paragraphs 1-25.

27.

Defendants' unlawful termination of Plaintiff Blackmon constitutes a breach of contract.

## COUNT IV-SLANDER AND LIBEL

28.

Plaintiffs re-allege and incorporate all of the allegation contained in paragraphs 1-27

29.

Defendantsspread false, vicious and untrue information about Plaintiffs in an effort to

damage Plaintiffs' reputation.

## PRAYER FOR RELIEF

**WHEREFORE, PREMISES CONSIDERED,** Plaintiff respectfully prays that the Court causes service to issue in this cause upon the Defendants and that this matter be set for trial. Upon trial by jury thereon, Plaintiff prays that the following relief be granted:

1. Reinstatement or front pay in lieu of reinstatement, back pay, lost benefits, and other pecuniary losses proximately caused by Defendant's unlawful conduct;

2. Compensatory damages against Defendant in an amount to be determined by the jury;

3. All costs, disbursement, pre-judgment interest, post-judgment interest, expert witness fees and reasonable attorney's fees allowed under actions brought pursuant to Title VII and 42 U.S.C. § 1981, 1983 and other applicable statutes; and

4. Such further relief as is deemed just and proper.

THIS the 13th day of July, 2021.

By: *Everett J. Sanders*

Respectfully submitted,
Lydia Roberta Blackmon and
Aisha A. Sanders, Plaintiffs

Everett T. Sanders, M.S.B.#6443
SANDERS LAW FIRM
P.O. Box 565
Natchez, MS 39121
Telephone: 601-445-5570
Facsimile:  601-445-0777
Email: esanders@sanlaw.net

Louise Harrell, M.S.B.#8466
ATTORNEY AT LAW
P. O. Box 2799
Jackson, MS 39201
Telephone: 601-353-0065
Facsimile: 601-608-7999
Email: louiseharrell12@bellsouth.net